**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PING SUN,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.   20-70443

Agency No. A205-735-170

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Ping Sun, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo questions of law and claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistent and implausible testimony as to the authenticity of visas in Sun's passport, his inability to recall identifying information of where he lived and worked in Russia and the names of individuals he spoke to at his company, details of his hospitalization, and the date of his arrest. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Sun's explanations do not compel a contrary conclusion. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021).

Substantial evidence supports the agency's denial of CAT relief because Sun failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Sun's contention that the agency violated his right to due process fails for lack of error. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020)

("Because the IJ found [petitioner's] testimony not credible, the IJ was not required to give [petitioner] notice and an opportunity to provide additional corroborating evidence.").

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**